U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 2 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

Misc 05-43

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JIM BLACKWELL                              CIVIL ACTION NO. 03-2038

VERSUS                                     JUDGE S. MAURICE HICKS, JR

RAMA KAKANI, M.D.                          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by the defendant, Dr. Rama Kakani ("Kakani") [Doc. No. 43]. Plaintiff, Jim Blackwell ("Blackwell") claims Kakani discriminated against him on the basis of age and disability while treating Blackwell for chronic back pain. Kakani contends he is entitled to summary judgment because: (1) Blackwell has no evidence of discrimination; and (2) he treated Blackwell pursuant to the VA pain clinic's protocol. Plaintiff opposes this motion.

For the following reasons, the Court hereby **GRANTS** Kakani's Motion for Summary Judgment [Doc. No. 43].

## BACKGROUND

Blackwell is no stranger to litigation in this court. This is the fifth suit he has filed in the Western District, Shreveport Division since August of 2001. See, Blackwell v. Overton Brooks Med. et al, 01-CV-2354 (dismissed because of lack of jurisdiction); Blackwell v. Spoon, et al, 01-CV-1585 (dismissed); Blackwell v. Overton Brooks Med. et al, 02-CV-1745 (dismissed because of lack of subject matter jurisdiction); Blackwell v. Payne, et al, 03-CV-225 (dismissed as frivolous). Yet another suit was filed in the last few months (Blackwell v. Overton Brooks Med. et al, 05-CV-415). All of Blackwell's suits stem from his treatment

at the Overton Brooks VA Hospital, specifically about the discontinuance of his prescription pain medicine.

In this suit, plaintiff alleges that Dr. Kakani discriminated against him on the basis of age and disability by refusing to prescribe Blackwell any further oxycodone. The Court will first consider the defendant's motion for summary judgment.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

Long after his opposition was filed, plaintiff filed "Memorandum Opposing Perjured Document." [Doc. No. 59]. Plaintiff moves the court to strike paragraph 5 of Dr. Kakani's "Declaration" attached to the defendant's motion for summary judgment as Exhibit 3. The Court finds no reason to strike any part of Dr. Kakani's declaration.

Plaintiff has not presented any evidence, other than his own conclusory allegations, that remotely indicate any genuine issues of material fact. Therefore, the Court finds that there are no genuine issues of material fact and that summary judgment is proper as a matter of law.

II. *In Forma Pauperis* Status

Acting pursuant to 28 U.S.C. § 1915, "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor." To prevent parties from filing frivolous petitions which interfere with the fair administration of justice, the Court has a duty and indeed an obligation to deny in forma pauperis status to those individuals who abuse the system. In re Sindram, 498 U.S. 177, 180, 111 S.Ct. 596, 597-598, 112 L. Ed. 2d 599 (1991). The Supreme Court acknowledged that the "Court waives filing fees and costs for indigent individuals in order to promote the interests of justice." Id. at 179.

However, the Supreme Court noted that "[t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." Id. at 179-180. The Supreme Court also noted that

"[p]ro-se petitioners have greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations-filing fees and attorney's fees-that deter other litigants from filing frivolous petitions." Id. at 597.

Since 2001, Plaintiff has taken full advantage of the privilege of filing suits *in forma pauperis*. Four of his suits have previously been dismissed by other judges in this division. Judge Stagg dismissed Blackwell's last suit as frivolous with a warning to him about filing other frivolous suits. (Judgment, Doc. No. 8, 03-CV-225). Despite this last warning which was issued on February 12, 2003, Blackwell again filed suit on November 3, 2003 and again on March 7, 2005.

After reviewing the plaintiff's conduct and the suits which plaintiff has filed in this court, the Court finds that the evidence overwhelmingly shows that the plaintiff has not heeded Judge's Stagg's warning and that plaintiff shows every intention to continue to file frivolous suits. It is abundantly clear to this Court that the plaintiff seeks only to harass the various parties he has sued and the court. As noted earlier, the Supreme Court has given this Court the right and imposed on this Court the duty to deny access to those individuals, such as the plaintiff in these cases, who abuse and disrupt the court system. Acting pursuant to this authority, the Court is authorized to deny in forma pauperis status when necessary to deter the filing of frivolous and vexatious suits. It is undisputed that plaintiff has embarked on a course of conduct to file frivolous suits, disrupt the orderly proceedings of the judicial system and harass defendants and court personnel, all of which constitutes a flagrant abuse of the judicial process. Such conduct warrants the denial of plaintiff's future requests to proceed in forma pauperis to prevent such flagrant and disruptive conduct in the future.

The plaintiff is hereby placed on notice that this Court will not allow him to file any additional suits in forma pauperis. Before the clerk will file any future suits, Blackwell must pay in full the required filing fee in cash at the time of filing. Otherwise, the Clerk of Court shall not accept nor file any new suit filed by the plaintiff whether he seeks to proceed in forma pauperis or is willing to pay the full filing fee.

## CONCLUSION

The Court finds that plaintiff has not shown that there is a genuine issue of material fact. The Court further finds that plaintiff's "Memorandum Opposing Perjured Document" has no merit and will be denied. Therefore, summary judgment in favor of the defendant is appropriate as a matter of fact and law. The Court further finds that plaintiff will be denied in forma pauperis status for suit number 05-CV-415, and any other suits filed in this district.

Therefore:

IT IS ORDERED that plaintiff's "Memorandum Opposing Perjured Document." [Doc. No. 59] shall be **DENIED**.

**IT IS FURTHER ORDERED** that the defendant Dr. Rama Kakani's Motion for Summary Judgment [Doc. No. 43] shall be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's in forma pauperis status shall be **DENIED** for all future cases.

Shreveport, Louisiana, April 22, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE